SUCCESSION OF RIVERA, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Ejectment and for Damages.

No. 1834.—Decided December 20, 1918.

EJECTMENT—HEIR.—In order to recover a specific piece of property in an action of ejectment brought by an heir, the property must have been specifically adjudicated to the heir.

ID.—ID.—TRANSFER OF RIGHTS.—The right of an heir to transfer his interest in a certain property is distinctly recognized by section 406 of the Civil Code, and such transfer by an heir of all his rights and interest in an inheritance is perfectly valid and creates rights in the grantee.

ID.—ID.—CO-OWNER.—When the defendant is a co-owner with the minor heirs in the property claimed, an action of ejectment cannot be maintained against him by the adult and minor heirs for the delivery of the whole property.

The facts are stated in the opinion.

*Messrs. Manuel Tous Soto* and *Rafael Arce* for the appellants.

*Mr. Luis Mendín* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Jacinto Rivera García died on the 27th day of February, 1895. He was married twice and the heirs named in his will were Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia Vidal, Agustín, Regalada Rivera Delgado and Alberto Rivera López.

The heirs Josefa, Graciano, Antonio and Abad Rivera Delgado, in a suit begun against them in the municipal court by Gregorio Hernández for $600, made a settlement by which,

in payment of the said debt, they transferred to the said Hernández all their rights and actions in and to two lots of land, one of them of forty acres and another of six acres. This act of conciliation was made with the reservation of thereafter executing the appropriate deeds, allowing Hernández meanwhile to enter into possession of the land. The certificate of this act of conciliation could not be recorded in the registry of property because, for the purposes of the Mortgage Law, formal deeds to the property were necessary.

Subsequently, on the 17th day of May, 1898, Graciano Rivera made a formal deed of transfer to Gregorio Hernández, which said deed was formally recorded in the registry of property.

Another one of the heirs, Eduarda Rivera Delgado, likewise made a formal transfer, but the deed could not be recorded in the registry because a person who was not an instrumental witness signed in the name of the grantor, the latter not being able to write.

With respect to another heir, Cristina, a formal deed from her could not be recorded because of a similar defect and because her name appeared as "Crispina" instead of "Cristina."

Two other heirs, Prudencia and Regalada, each made formal transfers, which were recorded, but these transfers are each attacked on account of the alleged minority of the grantors at the time of the transfers.

One of the heirs, Agustín, died in 1899, when he was then three years old.

The record is silent with respect to Alberto Rivera López.

The complaint in the District Court of Humacao was brought in the name of all these heirs and sought to recover the title and possession of the whole, and also damages for mesne profits. The court rendered judgment in favor of the complainants for the title and possession of the land and $4,000 damages, costs and attorney fees.

In disposing of all these transfers the court said that during the time the liquidation of an inheritance of property is taking place and until there is a distinct adjudication to each heir, the heirs lack sufficient title to make a valid alienation of such property. This was an erroneous theory on the part of the court. This is an action of revindication. In such action to recover a specific piece of property a particular heir must have that specific piece adjudicated to him. *Soriano et al* v. *Rexach et al,* 23 P. R. R. 531. This is far from saying that one of several heirs may not transfer all his rights to another person. This right is distinctly recognized by section 406 of the Civil Code. The appellant in this case is a defendant and not a complainant. He has with respect to the property in question all the rights that the heirs would have had, including the right of possession.

That a transfer by an heir of all his rights and actions in an inheritance is perfectly valid and creates rights in the grantee, is the constant jurisprudence of this court. *Rola* v. *Succession of Hernández,* 15 P. R. R. 738; *Velilla* v. *Pizá et al,* 17 P. R. R. 1069–70; *Plantations Company* v. *Smith,* 23 P. R. R. 365–66; *Soriano et al* v. *Rexach et al. supra.*

That such transfers, made even before a liquidation and adjudication to a particular heir, are valid to transfer the title of such heir in the registry of property, has been recognized by this court in the cases of *Méndez* v. *Registrar,* 18 P. R. R. 777; *Cortés* v. *Registrar,* 20 P. R. R. 131–32.

As Gregorio Hernández necessarily received all the rights of the adult heirs, said appellant, at least, was a co-owner with the minor heirs and an action of revindication did not lie against him. *Fernández* v. *Gutiérrez,* 10 P. R. R. 59; *Trinidad* v. *Trinidad,* 19 P. R. R. 616; *Vega* v. *Rodríguez,* 21 P. R. R. 318.

It is maintained by the appellant with considerable reason that when a minor heir above the age of fourteen years makes a contract, as here, he must, if he wishes to disaffirm it, do so

within four years after he becomes of age. The appellee maintains that a minor can not consent. There is a good deal in favor of the theory of appellant, but we prefer a fuller discussion before definitely deciding this point.

We find no justification at all for this suit, especially on the part of the adult heirs.

Because the complainants do not unite in themselves the whole title to the property in question, and because the adults have no claim at all, the judment must be reversed and the complaint dismissed, without costs.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.